UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA MEAD

    Plaintiff,

v.                                                            Case No. _____

COMENITY BANK, and
EQUIFAX INFORMATION
SERVICES LLC,

    Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sandra Mead brings this action against Defendants Comenity Bank, and Equifax Information Services LLC, and alleges:

### Introduction

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA).

2. In or around January of 2019, an unknown individual opened a credit card account in Plaintiff's name with Comenity Bank / Goody's.

3. Plaintiff brings claims for actual and punitive damages against Defendants for their inaccurate reporting, and for their failure to investigate

1

Plaintiff's disputes of that inaccurate reporting. Plaintiff disputed the account with Comenity Bank and with the credit reporting agencies. In response, Defendants failed to conduct a reasonable investigation and concluded that Plaintiff was responsible for the account.

## Jurisdiction, Venue and Parties

4. This Court has original jurisdiction over Plaintiff's claims arising under the FCRA pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendants as they regularly conduct business in the State of Georgia.

6. Venue is appropriate in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, as Defendants are residents of this judicial district.

7. Plaintiff is a natural person residing in Tipton County, Tennessee.

8. Plaintiff is, and was at all relevant times a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

9. Defendant Comenity Bank ("Comenity") conducts business through its principle office, located at One Righter Parkway, Suite 100, Wilmington, Delaware 19803. Comenity regularly conducts business in the State of Georgia.

10. Defendant Equifax Information Services LLC ("Equifax") was formed and is headquartered in Georgia and its registered agent is Lisa Stockard, located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax regularly conducts business in the State of Georgia.

11. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## General Allegations

12. In or around January of 2020, an unknown person fraudulently opened two separate credit card accounts in Plaintiff's name with Comenity Bank, one at the store Goody's and the other at the store Torrid.

13. On February 15, 2020, Plaintiff received a bill in the mail for the Comenity / Torrid account.

14. On or around the 16th and 17th of February, 2020, Plaintiff communicated with Comenity bank directly via email and over the phone to report fraud.

15. Through these conversations, Plaintiff learned from Comenity that there was also an account with Goody's open in her name.

16. Plaintiff did not open a credit card at either of these stores, and, Plaintiff has never even been in a Torrid or Goody's.

17. On February 25, 2020, Plaintiff filed a police report with the Tifton County Police Department in Tennessee, report number 2002251319.

18. On March 6, 2020, Plaintiff filed an Identity Theft Report with the Federal Trade Commission, report number 116227516.

19. On March 12, 2020, Comenity bank sent a letter to Plaintiff stating that they would investigate her disputes into the Goody's and Torrid accounts.

20. The same day, March 12, 2020, Goody's sent Plaintiff a letter stating that the investigation was complete and that they had verified the accounts as accurate.

21. Plaintiff again directly disputed with Comenity.

22. On March 20, 2020, Goody's responded to Plaintiff stating that they would not investigate further as they had already investigated Plaintiff's dispute.

23. In May of 2020, Plaintiff accessed her Equifax credit report on two separate occasions, May 1 and May 13. On both dates, her credit reports reflected both the Goody's and Torrid accounts, as well as a hard inquiry from Goody's.

24. On May 18, 2020, Plaintiff mailed a dispute letter to the credit reporting agencies, including Defendant Equifax. The dispute letter included full copies of both the Identity Theft Report and Police Report. The dispute letter was mailed with USPS tracking number 7016 0910 0001 9102 8089.

25. Equifax received the dispute on May 21, 2020.

26. On May 25, 2020, Plaintiff received a response from Equifax which stated, in part:

> Please be advised that Equifax, at this time and pursuant to Section 605B(c) of the Fair Credit Reporting Act, is not blocking the information subject to the submitted Identity Theft Report and/or Police Report you provided as part of your dispute. We are contacting each source directly to verify the information on your behalf. We will also forward a copy of the documents you have provided to each creditor for review. You should receive the results of the investigation, which may include blocking of the disputed information, within 30 days.

27. On July 13, 2020, Plaintiff obtained a copy of her Equifax credit report. This report showed the Comentity / Goody's account. The Comenity / Torrid account appears to have been deleted.

28. There is no indication on the report that Defendant Equifax investigated Plaintiff's claim.

29. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of adverse interest rates, lost loan and credit opportunities, credit defamation, time and expense dealt with repeatedly disputing the accounts and communicating with Defendants, as well as emotional distress.

30. All necessary conditions precedent to the filing of this action have occurred.

## COUNT I
## (Violations of FCRA § 1681s-2(b) by Comenity Bank)

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30, including all subparts, as if fully set forth herein.

32. Comenity is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher of information" as codified at 15 U.S.C. § 1681s-2.

33. Comenity published false information regarding Plaintiff's alleged debt obligation and the Comenity accounts to the credit reporting agencies, like Equifax, and through those same credit reporting agencies to all of Plaintiff's potential lenders.

34. On one or more occasions within the past two years, by example only and without limitation, Comenity violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies along with Plaintiff's disputes.

35. When Plaintiff mailed her written disputes and enclosures, or completed online disputes to consumer reporting agencies (CRAs) like Equifax, those CRAs use a dispute system named "e-OSCAR" which has been adopted by

the CRAs and by their furnisher-customers such as Comenity. It is an automated system and the procedures used by the CRAs are systemic and uniform.

36. When a CRA, like Equifax, receives a consumer dispute, it (usually via an offshore, outsourced vendor) translates that dispute into an Automated Credit Dispute Verification or "ACDV" form.

37. The ACDV form is the method by which Comenity has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

38. Based on the letter communication Equifax sent Plaintiff in response to her dispute, representing that Equifax would forward the dispute to Comenity, Plaintiff alleges that Equifax did in fact forward ACDV(s) regarding Plaintiff's dispute to Comenity.

39. Comenity understood the nature of the Plaintiff's disputes when it received the ACDV(s) from Equifax.

40. Comenity violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Comenity's representations; by failing to review all relevant information regarding same; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Comenity's representations to the consumer reporting agencies.

41. Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after Comenity had been notified of the dispute and that the information was inaccurate.

42. Comenity knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the lease and debt in question. Further, Comenity had all of the evidence and information with which to recognize and confirm Plaintiff was not the liable party.

43. As a result of Comenity's conduct, action and inaction, Plaintiff suffered damage by denial of a potential apartment, loss of time due to Plaintiff's attempts to correct the inaccurate information; stress; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

44. Comenity's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Comenity was negligent entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Comenity Bank for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further

violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violations of the FCRA § 1681i(a) by Equifax Information Services LLC)

45. Plaintiff re-alleges and incorporates paragraphs 1 through 30, including all subparts, as if fully set forth herein.

46. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file.

47. Plaintiff told Equifax that she had already tried to fix the fraudulent account with Comenity, but that Comenity still refused to remove the account. Equifax took no independent action to investigate the dispute or to determine whether the account was inaccurately reporting as belonging to Plaintiff.

48. Equifax failed to investigate Plaintiff's dispute despite Plaintiff providing all the necessary information. Equifax chose to ignore all the information provided in the dispute and rely solely on the information provided by Comenity. Plaintiff even provided her contact information, but Equifax made no attempt to contact her to obtain any additional information if any was needed.

9

49. Equifax chose to ignore this information and simply parroted the information provided by the furnisher.

50. Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

## COUNT III
**(Violations of the FCRA § 1681e(b) by Equifax Information Services LLC)**

51. Plaintiff re-alleges and incorporates paragraphs 1 through 30, including all subparts, as if fully set forth herein.

52. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53. Plaintiff did not open an account with Comenity Bank / Goody's. Despite this, Equifax's procedures allowed for the account to be reported on Plaintiff's Equifax credit report.

54. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of lease opportunities, the cost of communications for the many hours spent attempting to remedy the error, stress associated with a reduction in available credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denial.

55. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, if Equifax was negligent, Plaintiff is entitled to recover under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Equifax Information Services LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, for pre-judgment and post-judgment interest at the legal rate, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*s/ Octavio "Tav" Gomez*

Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 559-4845
TGomez@ForThePeople.com
JKersey@ForThePeople.com
AWynne@ForThePeople.com

*Attorney for Plaintiff*